1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REAL PROPERTIES LOCATED IN TEMECULA, CALIFORNIA, FOUNTAIN VALLEY, CALIFORNIA, AND DOUGLAS CITY, CALIFORNIA,<br><br>Defendants.<br>_____<br>SEA REALTY, INC., THE DAN C. BUI LIVING TRUST, JOSIE BUI, AND MICHAEL WONG,<br><br>Claimants.<br>_____ | No. SACV 16-02129-CJC(KESx)<br><br>**CONSENT JUDGMENT OF FORFEITURE AS TO DEFENDANT REAL PROPERTY LOCATED IN TEMECULA, CALIFORNIA ONLY**<br><br>[This Consent Judgment Of Forfeiture Resolves All Disputes And Claims As To Defendant Real Property Located In Temecula, California Only And Is Not Dispositive Of This Case In Its Entirety] |

Plaintiff United States of America (the "government") and Claimant SEA Realty, Inc. ("SEA Realty") through its President and owner Josephine Bui ("J. Bui") have made a stipulated request that this Court enter a consent judgment of forfeiture resolving the claims of SEA Realty to the defendant Real

Property in Temecula, California (the "Defendant Temecula Property"), so as to reflect the agreement reached by the government and SEA Realty that resolves all claims as to the Defendant Temecula Property (but is not dispositive of this action in its entirety).

The Court, having been duly advised of and having considered the stipulation and request of the government and SEA Realty to enter a consent judgment of forfeiture, and good cause appearing therefor, **HEREBY ORDERS, ADJUDGES AND DECREES** as follows:

1.  This Court has jurisdiction over the parties and the subject matter of this action with respect to the Defendant Temecula Property.

2.  The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Federal Rules of Civil Procedure, and the Local Rules of this Court.  No parties, except for Sea Realty, have filed a claim with respect to the Defendant Temecula Property and the time for filing claims has passed.  All potential claimants, including The Dan C. Bui Living Trust, Josie Bui and Michael Wong who have filed claims to other defendants in this case, to the Defendant Temecula Property other than SEA Realty are deemed to have admitted the allegations of the complaint for forfeiture with respect to the Defendant Temecula Property.

3.  The allegations set out in the complaint for forfeiture are sufficient to establish a basis for forfeiture as to the Defendant Temecula Property.  The Defendant Temecula

Property has Assessor Parcel Number 470360027-3 and the following legal description:

> The Land referred to herein situated in the County of Riverside, State of California, described as Parcel 83, of Parcel Map No. 27 in the County of Riverside, State of California, as per Plat recorded in Book 4 of Parcel Maps, Pages 35 through 50, inclusive, in the Office of the County Recorder of said County.

4. On or before December 1, 2018, J. Bui shall pay to the government, by wire transfer or another form acceptable to the government in the government's sole discretion, the sum of $360,000.00, which sum shall be the substitute res for the Defendant Temecula Property, forfeited to the government, and disposed of by the government in accordance with law.

5. Should J. Bui make the payment in full and in the manner required by the government by December 1, 2018, the government shall within 30 days after the government receives the payment (i) record with the County Recorder's Office a Notice of Withdrawal of the Lis Pendens the government previously recorded against the Defendant Temecula Property; and (ii) file with the Court a Notice that the government has received the $360,000.00 payment, as provided by paragraph 4 of this consent judgment, meaning (as set forth in paragraph 4 above) that the $360,000.00 is being forfeited as the substitute res in place of the Defendant Temecula Property and the Defendant Temecula Property has been dismissed with prejudice from this lawsuit. However, should J. Bui not make the $360,000.00 payment in full and in the manner required by the government by the December 1, 2018 deadline, then the Defendant Temecula Property shall be forfeited to the government, which

shall dispose of the Defendant Temecula Property in accordance with law.

6. Except as to any rights created by the stipulation and request of the government and SEA Realty to enter a consent judgment of forfeiture or this consent judgment of forfeiture, SEA Realty hereby releases the government, and its agencies, agents, and officers, including employees and agents of the Federal Bureau of Investigation and Internal Revenue Service, from any and all claims, actions or liabilities arising out of or related to the commencement of this civil forfeiture action with respect to the Defendant Temecula Property, including, without limitation, any claim for attorneys' fees or costs which may be asserted on behalf of SEA Realty against the government, whether pursuant to 28 U.S.C. § 2465 or otherwise. If J. Bui or SEA Realty submitted petitions for remission with respect to the Defendant Temecula Property, SEA Realty and J. Bui hereby withdraw those petitions and waive any rights either of them may have had to seek remission or mitigation of forfeiture with respect to the Defendant Temecula Property.

7. The Court finds that (i) there was reasonable cause for the institution of this action with respect to the Defendant Temecula Property; and (ii) this consent judgment of forfeiture shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 with respect to the Defendant Temecula Property.

/ / /
/ / /
/ / /

8. The government and SEA Realty shall bear their own attorney fees and costs in connection with this action, with respect to the Defendant Temecula Property.

DATED: October 26, 2018

_____
THE HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE